959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Dejuan WOODS, Defendant-Appellant.
 No. 91-6028.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judges, and LIVELY and BAILEY BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Woods appeals his jury conviction for possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, Woods argues that the district court erred in allowing the trial to proceed after the government introduced statements into evidence that it had not made available to defense counsel before trial. Woods also argues that the evidence in the case is not sufficient to support his conviction. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On February 20, 1991, a federal grand jury charged Woods with possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On March 5, 1991, a magistrate appointed Bobby Hill to represent Woods, and set May 8 as the trial date. By late March 1991, Hill had started receiving discoverable information from the government. Subsequently, Hill became disabled so the court appointed Wood's present attorney, Ashley Ownby, to represent him. Subsequently, Ownby and the attorney for the United States met and completed discovery.
 
 
 3
 At trial, Rusty Carnes, a member of a Drug Enforcement Administration Task Force, testified without objection that while booking Woods a prisoner in the jail asked Woods what he was doing in jail and Woods responded, "They got me for them rocks I had down there." Agent Carnes also testified that during questioning Woods stated (1) on December 27, 1990, he had earned $1500 from gambling and had used the money to purchase "crack" cocaine; and (2) he made a living by gambling and selling "crack" cocaine.
 
 
 4
 After Agent Carnes had completed his testimony, the court recessed for lunch. After lunch, Woods claimed that the statements testified to by Agent Carnes had not been provided during discovery under Fed.R.Crim.P. 16. Woods apparently wanted the court to either declare a mistrial or to give a instruction to the jury telling them to disregard the testimony of Agent Carnes with respect to the statements made by Woods. Woods, however, did not request a recess or a continuance.
 
 
 5
 The district court noted that on March 26, 1991, the government had written a letter to Woods' now-deceased attorney, Bobby Hill, detailing Woods' pre-trial statements. Relying on this letter, the district court found that the government had furnished Woods with evidence of the statements. Additionally, the court questioned Woods' attorney at length trying to determine how Woods had been prejudiced even if the government had not provided evidence of the statements prior to trial. After listening to defense counsel's arguments, the court denied Woods' motion.
 
 
 6
 The jury subsequently convicted Woods for possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Woods' criminal background subjected him to the career offender provisions of Federal Sentencing Guidelines § 4B1.1. United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1990). Hence, the district court sentenced Woods to 24.5 years in prison.
 
 
 7
 On appeal, Woods argues that the district court erred by admitting Agent Carnes' testimony regarding the pre-trial statements made by Woods. Fed.R.Crim.P. 16(a)(1)(A) states that before trial the government should provide the defense with evidence of pre-trial statements made by a defendant in response to interrogation by a person then known to the defendant to be a government agent. The rule gives the court discretion in dealing with the government's failure to satisfy the dictates of Rule 16. See Fed.R.Civ.P. 16(d)(2). We review the district court's treatment of the government's failure to disclose a defendant's pre-trial statements under the abuse of discretion standard. United States v. Muhammad, 948 F.2d 1449, 1454 (6th Cir.1991), cert. denied, 60 U.S.L.W. 3580 (1992).
 
 
 8
 As an initial matter, we note that the statement that was made by Woods to a fellow inmate and overheard by Agent Carnes is not subject to Rule 16 disclosure. Rule 16 only requires the government to disclose statements made by a defendant to "any person then known to the defendant to be a government agent." Fed.R.Crim.P. 16(a)(1)(A). Woods' statement regarding why he was in custody was not made in response to a question by a government agent and, therefore, it is not subject to Rule 16's disclosure requirements. See United States v. Green, 548 F.2d 1261, 1267 (6th Cir.1977) (holding that spontaneous, unsolicited admissions overheard by a government agent are not discoverable under Rule 16).
 
 
 9
 With regard to Woods' remaining statements, we find the district court did not abuse its discretion by admitting the statements in evidence and by allowing the trial to proceed. Two cases support our holding: (1) United States v. Bartle, 835 F.2d 646 (6th Cir.1987), cert denied, 485 U.S. 969 (1988); and (2) United States v. Glover, 846 F.2d at 339. In Bartle, 835 F.2d 646, the government failed to provide the defendant with highly probative evidence pursuant to a Fed.R.Crim.P. 16 discovery request. Bartle sought to exclude the evidence, but did not move for a continuance or a recess. The district court, however, allowed the government to use the evidence at trial. Id. at 648. On appeal, Bartle argued that the district court had abused its discretion by permitting the government to use the evidence. Id. at 649. In rejecting Bartle's argument, we held that Rule 16 does not require federal courts to exclude evidence not turned over to the discovering party in violation of a discovery order. Id.
 
 
 10
 In Glover, 846 F.2d at 341, the government had inadvertently failed to provide Glover with copies of a fingerprint card and a handwriting sample. Glover, without moving for a recess or a continuance, requested the district court to exclude the evidence. Id. at 341. The district court, however, did not exclude the evidence. Id. In rejecting Glover's argument that the district court had abused its discretion, we stated:
 
 
 11
 Given the nature of the evidence which was not disclosed, the nature of the government's conduct, and the severity of the requested remedy, we hold that the district court did not abuse its discretion in denying appellant's motion to exclude the expert's testimony.
 
 
 12
 Id. at 342.
 
 
 13
 In the case before us, even assuming the government did not disclose Woods' discoverable pre-trial statements, Woods does not contend there was any impropriety or willfulness on the part of the government. He merely contends that in light of the "surprise" evidence, the district court should have granted him a mistrial because a recess or a continuance would have been inadequate. Given the nature of the government's conduct and the severity of the requested remedy, we hold the district court did not abuse its discretion in denying Woods' motion.
 
 
 14
 Woods also asserts that there was insufficient evidence in the record to support his conviction and, therefore, the district court erred in denying his Fed.R.Crim.P. 29 motion for judgment of acquittal. Woods argues there was no direct evidence in this case to demonstrate either that he was in possession of "crack" cocaine or that he was a "crack" dealer.
 
 
 15
 In reviewing a denial of a motion for judgment of acquittal, we must determine whether, after taking all of the evidence in a light most favorable to the government, a rational trier of fact could find guilt beyond a reasonable doubt. United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984) (quoting United States v. Patterson, 644 F.2d 890, 893 (1st Cir.1981)), cert. denied sub nom. Freeman v. United States, 469 U.S. 1193 (1985). Circumstantial evidence alone is sufficient to support a conviction, and to do so the circumstantial evidence need not remove every reasonable hypothesis except that of guilt. United States v. Stone, 748 F.2d 361, 362 (6th Cir.1984). This court will reverse a conviction for insufficient evidence only "if th[e] judgment is not supported by substantial and competent evidence upon the record as a whole, and ... this rule applies whether the evidence is direct or wholly circumstantial." United States v. Ellzey, 874 F.2d 324, 329 (6th Cir.1989) (quoting Stone, 748 F.2d at 363).
 
 
 16
 In this case, sufficient evidence exists to support Woods' conviction. The elements of the crime of possession with intent to distribute are (1) knowing (2) possession of controlled substance (3) with intent to distribute. United States v. Christian, 786 F.2d 203, 210 (6th Cir.1986). The evidence produced by the government at trial was as follows:
 
 
 17
 (1) Woods was very reluctant to place his hands on the car dashboard where Officer Lyons could see them;
 
 
 18
 (2) before Woods stepped out of the car he moved his hands rapidly toward the car's floorboard;
 
 
 19
 (3) police officers found 44 rocks of "crack" cocaine under Woods' seat;
 
 
 20
 (4) police officers found a loaded .38 caliber gun in the car;
 
 
 21
 (5) police officers discovered $418 in cash on Woods, who was unemployed at the time;
 
 
 22
 (6) Agent Carnes overheard Woods tell a fellow inmate that he was in jail because "[t]hey got me for them rocks I had down there";
 
 
 23
 (7) Woods told Agent Carnes that on the day in question he had purchased "crack" cocaine with gambling proceeds; and
 
 
 24
 (8) Woods told Agent Carnes that he made money by gambling and selling "crack" cocaine.
 
 
 25
 Taking this direct and circumstantial evidence in a light most favorable to the government, a rational trier of fact could find beyond a reasonable doubt that Woods possessed "crack" cocaine with intent to distribute the substance. Therefore, we hold the district court did not err in denying Woods' motion for judgment of acquittal.
 
 
 26
 For the foregoing reasons, we affirm the judgment of the district court.