104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas D. WOODS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5038.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Thomas D. Woods, a federal prisoner proceeding pro se, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On May 14, 1991, a jury convicted Woods of possessing cocaine base with intent to distribute. He was sentenced on August 19, 1991, under the career offender provision of the U.S. Sentencing Guidelines, to 294 months in prison and six years of supervised release. A panel of this court affirmed Woods's conviction in an unpublished opinion. United States v. Woods, No. 91-6028, 1992 WL 68304 (6th Cir. Apr. 6, 1992) (per curiam). A prior motion to vacate under § 2255 was denied on the merits, but was not appealed.
 
 
 3
 In his present motion to vacate, Woods raised the following grounds for relief: (1) counsel rendered ineffective assistance; (2) there was insufficient evidence to convict; (3) the failure of the presentence investigation report to inform the court whether he was represented by counsel at his prior convictions violated Fed.R.Civ.P. 32; (4) Amendment 506 to the Sentencing Guidelines should be applied retroactively to his case; (5) his prior convictions did not meet the criteria for enhancement under the career offender provision; and (6) the trial court erred by failing to depart downward under USSG § 5H1.4.
 
 
 4
 The district court summarily denied Woods's § 2255 motion in a memorandum opinion entered on October 4, 1995. The court found that Woods could not relitigate either the insufficient evidence issue raised and rejected on direct appeal or the ineffective assistance of counsel claim brought in his prior motion to vacate. The district court further concluded that Woods's failure to raise his remaining issues in his first § 2255 motion constituted an abuse of the writ. A separate order dismissing the action was entered the same day. On appeal, Woods continues to argue the merits of his grounds for relief. He has also filed a motion for the appointment of counsel.
 
 
 5
 Upon careful consideration, we affirm the district court's order, although in part for reasons other than those stated by the district court. To warrant relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). To warrant relief on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, ----, 114 S.Ct. 2291, 2300 (1994).
 
 
 6
 The district court properly concluded that Woods's insufficient evidence issue may not be addressed on the merits. It is well-settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). There are no highly exceptional circumstances present in this case. Moreover, a challenge to the sufficiency of the evidence is not cognizable under § 2255. See United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970).
 
 
 7
 In addition, the district court properly denied Woods's ineffective assistance of counsel claim. Pursuant to the first clause of Rule 9(b), Rules Governing Section 2255 Proceedings, controlling weight may be given to the denial of a prior application for § 2255 relief if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. See Sanders v. United States, 373 U.S. 1, 15 (1963). Unfortunately, the district court's decision denying Woods's prior § 2255 motion was not included in the record on appeal and the district court does not indicate the supporting bases for Woods's previous ineffective assistance of counsel claim. However, to the extent that Woods did not raise his specific ineffective assistance of counsel argument in his first motion to vacate, the claim is still considered to be waived unless Woods can show cause and prejudice to excuse his failure to raise the claim in his original motion to vacate. See United States v. Fallon, 992 F.2d 212, 213 (8th Cir.1993); United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); see also United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Woods has shown neither.
 
 
 8
 We affirm the dismissal of Wood's remaining issues for reasons other than given by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 255 (6th Cir.1994). A petition may be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned them or, by inexcusable neglect, failed to raise them at the prior opportunity. See Rule 9(b) [second clause], Rules Governing Section 2255 Proceedings; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Flores, 981 F.2d at 234-35. In order for a motion to be denied as an abuse of the writ, the government must first meet the burden of pleading abuse of the writ. See McCleskey, 499 U.S. at 494. "The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's." Id. The circuit courts have interpreted this requirement to permit the district court to raise the issue of abuse of the writ sua sponte so long as it provides the movant with an opportunity to respond to the charge. See Williams v. Whitley, 994 F.2d 226, 231-32 (5th Cir.), cert. denied, 510 U.S. 1014 (1993); Flores, 981 F.2d at 236 n. 9; Gayle v. Mann, 966 F.2d 81, 85 (2d Cir.1992). In this case, the government did not plead abuse of the § 2255 procedure because the district court dismissed the action without requiring the government to answer, or giving Woods the opportunity to respond to its sua sponte allegation of abuse. We do not, therefore, affirm on this basis.
 
 
 9
 Nonetheless, the district court's order may be affirmed because Woods has failed to show cause and prejudice for his waiver of his remaining issues (with the possible exception of the issue relating to the 1994 amendment to the Sentencing Guidelines). In any event, these issues are without merit. Technical violations of Rule 32 are insufficient to warrant relief under § 2255. Hill v. United States, 368 U.S. 424, 428-29 (1962). In addition, Sentencing Guidelines issues are generally not cognizable under § 2255. See Grant v. United States, 72 F.3d 503, 506 (6th Cir.), cert. denied, 116 S.Ct. 1701 (1996). Moreover, a district court's refusal to depart downward may be reviewed, even on direct appeal, only if the district court incorrectly believed that it could not consider the defendant's mitigating circumstances and exercise discretion to depart under the guidelines. See United States v. Landers, 39 F.3d 643, 649 (6th Cir.1994). Woods has identified no statements by the district court which would indicate that it was unaware of its discretion to depart under § 5H1.4.
 
 
 10
 Finally, Woods asserts that Amendment 506 to the Sentencing Guidelines, which is retroactively applicable pursuant to USSG § 1B1.10, requires that he be resentenced to a lower offense level. This issue, properly construed as a request for a modification of sentence under 18 U.S.C. § 3582(c)(2), has merit at first glance.
 
 
 11
 Unfortunately, however, this court recently joined three other circuits in finding that Amendment 506 is "inconsistent with the mandate of 28 U.S.C. § 994(h) to punish recidivists 'at or near the maximum term authorized,' and therefore is invalid." United States v. Branham, 97 F.3d 835, 849 (6th Cir.1996). See also United States v. Fountain, 83 F.3d 946, 950-51 (8th Cir.1996) (collecting cases showing a split in authority on this question), petition for cert. filed (U.S. Sept. 11, 1996) (No. 96-6001).
 
 
 12
 Accordingly, the motion for the appointment of counsel is denied. The district court's order, entered on October 4, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.