**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Abraham FLORES, Defendant–
Appellant.**

No. 91–7384
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1993.

Abraham Flores, pro se.

E. Scott Frost, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Lubbock, TX, for plaintiff-appellee.

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant Abraham Flores appeals the dismissal of his second motion to vacate his sentence under 28 U.S.C. § 2255 (1988), which the district court dismissed as an abuse of the motion. Flores also appeals the district court's denial of his Motion for Reconsideration, Evidentiary Hearing, and Appointment of Counsel. Finding no abuse of discretion, we affirm.

I

Flores pled guilty to the federal offense of distributing heroin, and was sentenced to 240 months imprisonment. He appealed his sentence, which was affirmed by this Court, *see United States v. Flores*, 875 F.2d 1110 (5th Cir.1989), and then filed his first motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255.[1] The district court denied that motion on the merits.

Flores filed a second motion to vacate his sentence under section 2255, asserting that: (1) the sentencing court improperly considered his prior convictions separately, rather than consolidating them and treating them as a single conviction; (2) the federal sentencing guidelines are unconstitutional; (3) he was denied effective assistance of coun-

---

1. Section 2255 provides that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to im-

pose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (1988).

sel at trial; and (4) he was denied effective assistance of counsel on appeal. Because Flores could have raised all of these claims when he filed his first section 2255 motion, the district court dismissed Flores' second motion as an abuse of the section 2255 procedure,[2] pursuant to Rule 9(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255 (1988).

Flores then filed a Motion for Reconsideration, Evidentiary Hearing, and Appointment of Counsel. The district court denied that motion via three separate orders: (1) Order Denying Motion for Appointment of Counsel and Overruling Objections to the Order of Magistrate Judge; (2) Order Denying Rule 60, FRCP, Motion; and (3) Order Denying Rule 59, FRCP, Motion for New Trial.

Flores appeals from the district court's dismissal of his second section 2255 motion, and also from the district court's orders denying his Motion for Reconsideration, Evidentiary Hearing, and Appointment of Counsel.

## II

■ The decision whether to dismiss a motion for abuse of the section 2255 proceedings is committed to the sound discretion of the district court. *Brager v. United States,* 569 F.2d 399, 400 (5th Cir.), *cert. denied,* 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1978); *Hallowell v. United States,* 197 F.2d 926, 928 (5th Cir.1952). We review such a decision only for abuse of discretion. *See Wells v. United States,* 210 F.2d 112 (5th Cir.1954) (affirming deni-

al of successive section 2255 motion because "[t]he discretion of the trial court ... was not abused").

### A

■ Rule 9(b) of the Rules Governing Section 2255 Proceedings provides that a section 2255 motion may be dismissed for abuse of the procedure, but Rule 9(b) does not define "abuse."[3] In the context of petitions for the writ of habeas corpus, under 28 U.S.C. § 2254 (1988), the leading case dealing with this doctrine is *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Under *McCleskey,* a second or subsequent habeas corpus petition which raises a claim for the first time is generally regarded as an abuse of the writ. *See McCleskey,* —— U.S. at ——, 111 S.Ct. at 1457. However, a habeas corpus petitioner's failure to raise a ground for relief in his initial petition will be excused if he can show: (1) cause for his failure to raise the claim, as well as prejudice from the errors which form the basis of his complaint; or (2) that the court's refusal to hear the claim would result in a fundamental miscarriage of justice. *McCleskey,* —— U.S. at ——, 111 S.Ct. at 1470. Other circuits have held that *McCleskey's* formulation of the abuse of the writ doctrine also governs abuse of the proceedings under section 2255.[4] We have not decided whether *McCleskey* applies to section 2255 motions, but we now hold that it does.

■ We are persuaded that *McCleskey* should be applied to section 2255 as well as section 2254, because of the similarity of the two remedies, and because the Su-

---

**2.** The magistrate, in his Findings, Conclusions and Recommendation, also rejected Flores' claim of ineffective assistance of appellate counsel on the merits. In its order of dismissal, the district court adopted the magistrate's Findings, Conclusions and Recommendation. However, we find it unnecessary to decide whether the magistrate correctly decided the merits of Flores' claim, because we affirm, as to all of Flores' claims, the district court's dismissal for abuse of the motion.

**3.** Rule 9(b) provides that:
  A second or successive motion may be dismissed if the judge finds that it fails to allege

new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Rule 9(b), 28 U.S.C. foll. § 2255 (1988).

**4.** *See, e.g., Andiarena v. United States,* 967 F.2d 715 (1st Cir.1992); *United States v. MacDonald,* 966 F.2d 854 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 606, 121 L.Ed.2d 542 (1992); *Hewlett v. United States,* 948 F.2d 1289 (6th Cir.1991) (table) (unpublished text in Westlaw).

preme Court held, prior to *McCleskey*, that the same rules should govern abuse of both remedies. Section 2254 empowers federal courts to issue a writ of habeas corpus where an individual is held by a state in violation of federal law. *See* 28 U.S.C. § 2254 (1988). Section 2255 is designed to provide a substantially equivalent remedy for individuals in the custody of the federal government. *See Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) (commenting that "the [section 2255] motion procedure is the substantial equivalent of federal habeas corpus"); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) ("[I]t conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide ... a remedy exactly commensurate with that which had previously been available by habeas corpus...."). Prior to *McCleskey*, the similarity of the writ of habeas corpus and the section 2255 motion led the Supreme Court, in *Sanders v. United States*, to decide that abuse of the two remedies should be governed by the same rules. *See Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077 (setting out rules for abuse of the writ of habeas corpus and for abuse of the section 2255 motion) ("Since the motion procedure is the substantial equivalent of federal habeas corpus, we see no need to differentiate the two for present purposes."). Application of *McCleskey* to section 2255 as well as section 2254 is appropriate, in light of the similarity of the two remedies. Furthermore, application of *McCleskey* to both sections is consistent with the Supreme Court's decision in *Sand-*

ers to apply the same rules of abuse in both contexts.

In *McCleskey* the Supreme Court explained its adoption of the cause-and-prejudice standard, pointing out that allowing petitioners to raise claims initially in a second or later habeas corpus petition wastes scarce judicial resources and unduly compromises the finality of the original judicial proceeding. *See McCleskey*, —— U.S. at ——, 111 S.Ct. at 1468–70. Because these considerations are also relevant where a federal conviction is attacked collaterally, under section 2255,[5] we are persuaded that the test announced in *McCleskey* should apply to section 2255 as well as section 2254.[6]

**B**

A second or later section 2255 motion, which raises claims for the first time, is generally subject to dismissal for abuse of the motion. However, if movant can show cause for failing to raise the claims earlier, and prejudice from the errors of which he complains, the motion is not subject to dismissal. *See supra* II.A. The "cause" prong of this standard requires the movant to show that some objective factor external to his defense prevented him from raising the claim in the initial motion. *See McCleskey*, —— U.S. at ——, 111 S.Ct. at 1470 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

The claims in Flores' second motion were raised there for the first time,[7] and his failure to raise those claims in his

---

**5.** "It is true that the *McCleskey* Court emphasized notions of federalism and comity, which are of course absent in the § 2255 context. Yet the central concern underlying its ruling—the importance of promoting finality in the criminal arena—is not confined to state prisoners. 'The Federal Government, no less than the States, has an interest in the finality of its criminal judgments.'" *Andiarena*, 967 F.2d at 717 (citations omitted) (quoting *United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)).

**6.** *Cf. United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (holding that a prisoner may not raise a claim for the first time in an initial section 2255 motion, absent cause and prejudice

for failing to raise the claim at trial or on direct appeal), *cert. denied*, —— U.S. ——, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992).

**7.** At certain points in his pleadings (although not in the motion itself) Flores resurrects the argument, found in his first motion, that his prior convictions should not have been considered at sentencing because they were more than fifteen years old. *See, e.g.,* Record on Appeal, vol. I, at 190. Although the district court did not address this argument, *see id.* at 228–33, 239–41, we note that it would have been proper for the district court to dismiss this claim pursuant to Rule 9(b) of the Rules Governing Section 2255 Proceedings. Because Flores' motion was

first motion amounts to abuse of the section 2255 procedure, unless he can show cause and prejudice.[8] He has not done so. Flores asserts that, at the time of his first motion, he did not appreciate the legal significance of facts supporting the claims which he now raises. However, Flores' ignorance does not constitute cause under *McCleskey*, because it was not an objective factor external to Flores' defense. *See Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir.1991) (holding that habeas petitioner's ignorance of facts and legal theories underlying his claims "does not constitute 'cause' as that term was used in *McCleskey*"). No external force, such as governmental interference, *see McCleskey*, —— U.S. at ——, 111 S.Ct. at 1470 ("Objective factors that constitute cause include 'interference by officials'...."), prevented Flores from learning about the facts or law underlying his claims. Neither Flores' illiteracy, nor his deafness, nor his lack of training in the law amounts to cause either, because none of these factors was external to Flores' defense. Furthermore, Flores' pro se status does not amount to cause for his failure to raise the claims in his first motion. *See Saahir*, 956 F.2d at 118 (holding that habeas petitioner's pro se status did not constitute cause under *McCleskey*). Because

abusive, *see infra* II.B., the entire motion was subject to dismissal under Rule 9(b). *See* Rule 9(b), 28 U.S.C. foll. § 2255; *Sanders*, 373 U.S. at 17, 83 S.Ct. at 1078 ("[I]f the same ground was earlier presented but not adjudicated on the merits ... full consideration of the merits of the new application can be avoided ... if there has been an abuse of the ... motion remedy."); Rule 9(b), 28 U.S.C. foll. § 2255 advisory committee note ("Subdivision (b) is consistent with ... relevant case law.").

8. Flores contends that he should not be required to satisfy the cause-and-prejudice standard of *McCleskey*. Flores contends that *McCleskey* is distinguishable from his case because he, unlike the petitioner in *McCleskey*, proceeds pro se. *See* Brief for Flores at 6. We disagree. *McCleskey* applies to pro se litigants as well as those who are assisted by counsel. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992) ("*McCleskey* draws no distinction between pro se petitioners and those represented by counsel.")

9. Flores complains on appeal that the district court failed to comply with Rule 4(b) of the Rules Governing Section 2255 Proceedings,

Flores has not shown cause for his failure to raise his claims in his first motion, we need not consider whether Flores has shown prejudice. *See McCleskey*, —— U.S. at ——, 111 S.Ct. at 1474.

■ Although Flores has not shown cause for failing to raise his claims in his first motion, those claims will be heard if failing to do so would result in a fundamental miscarriage of justice. *See McCleskey*, —— U.S. at ——, 111 S.Ct. at 1470. Such a miscarriage of justice would be indicated if a constitutional violation probably caused Flores to be convicted of a crime of which he is innocent. *See id.* Flores has not alleged that he is innocent, only that his sentence was improperly computed. Therefore, Flores' motion does not fit within the narrow category of section 2255 proceedings which implicate a fundamental miscarriage of justice, and the district court did not abuse its discretion in dismissing Flores' second section 2255 motion as abusive.[9]

### III

■ Flores also appeals the district court's denial of his Motion for Reconsideration, Evidentiary Hearing, and Appointment of Counsel. The district court treat-

which commands that "all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge." *See* Rule 4(b), 28 U.S.C. foll. § 2255 (1988). Flores alleges that the district court could not have examined the transcript of his plea entry proceeding, because there was no such transcript. *See* Brief for Flores at 8. However, Flores does not allege that the transcript—had it existed and had it been reviewed by the district court—would have revealed that Flores' motion was not subject to dismissal for abuse. Therefore, we decline to address the merits of Flores' Rule 4(b) argument.

Flores also argues that the government must plead abuse of the writ, and that the district court erred by raising that issue sua sponte. Flores is mistaken. The district court is entitled to raise the issue of abuse sua sponte. *See Whitley*, 933 F.2d at 323 n. 3 ("There is no reason to infer that *McCleskey* changed our previous rule that abuse of the writ may be ... raised by the district court sua sponte.").

ed this motion as (1) a Motion for Appointment of Counsel, and (2) either a motion for relief from judgment, under Fed.R.Civ.P. 60, or alternatively, a motion for new trial, under Fed.R.Civ.P. 59(a). *See* Record on Appeal, vol. I, at 264–70. The district court denied Flores' motion, because it offered "[n]o basis or grounds for the appointment of counsel," *see id.* at 249, and because it failed to show that Flores' second section 2255 motion should not have been dismissed for abuse of the motion. *See id.* at 249–55, 264–70.

 The district court has discretion to grant a new trial under Fed.R.Civ.P. 59(a) where it is necessary "to prevent an injustice." *Delta Engineering Corp. v. Scott,* 322 F.2d 11, 15–16 (5th Cir.1963), *cert. denied,* 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). The district court's decision to grant or deny a Rule 59(a) motion will be reversed only for an abuse of discretion. *Treadaway v. Societe Anonyme Louis–Dreyfus,* 894 F.2d 161, 164 (5th Cir.1990).

Fed.R.Civ.P. 60 empowers federal district courts " 'to vacate judgments whenever such action is appropriate to accomplish justice.' " *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981) (quoting *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949)). A district court's denial of a motion for relief from judgment under Rule 60 is reviewed for abuse of discretion. *Williams v. Brown & Root, Inc.,* 828 F.2d 325, 329 (5th Cir.1987).

Flores' motion for new trial or relief from judgment primarily rehashed the claims asserted in his second section 2255 motion and reminded the court of Flores' pro se status, illiteracy, and lack of legal training. *See* Record on Appeal, vol. I, at 242–45. All of those matters were before the district court when it dismissed Flores' second section 2255 motion. Because that dismissal was proper, *see supra* II.B., a new trial was not required to "prevent an injustice." *See Delta Engineering,* 322 F.2d at 15–16. Furthermore, relief from the judgment of dismissal was not "appropriate to accomplish justice." *See Seven Elves,* 635 F.2d at 401. Therefore, the district court did not abuse its discretion in denying Flores a new trial and relief from the judgment of dismissal.

In light of the district court's disposition of Flores' section 2255 motion and his motions for reconsideration and evidentiary hearing—effectively terminating the proceedings below—Flores no longer required the assistance of trial counsel. Therefore, the district court did not err in denying Flores' motion for appointment of counsel.

### IV

For the foregoing reasons, we AFFIRM.