991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary K. HUDSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6140.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Mary K. Hudson, a pro se federal prisoner, appeals from the district court's denial of her motion to vacate her sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hudson pleaded guilty to a charge of escape and received a 33 month sentence. That sentence was later reduced to 27 months to be served consecutively with Hudson's prior sentence.
 
 
 3
 On appeal, Hudson raises three issues. She argues that she was denied her right to a speedy trial pursuant to 18 U.S.C. § 316(b), that she was denied her Sixth Amendment right to counsel, and that she was denied the effective assistance of counsel. On appeal, the government moves to strike exhibits attached to Hudson's brief that were not presented to the district court.
 
 
 4
 Hudson pleaded guilty as charged and took no direct appeal. Therefore, Hudson is precluded from raising "claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," Tollett v. Henderson, 411 U.S. 258, 267 (1972), and she has waived all "non-jurisdictional defects." United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). Thus Hudson's claim of a violation of her Sixth Amendment right and her right to a speedy trial have been waived.
 
 
 5
 In the context of a guilty plea, to establish ineffective assistance of counsel it must be demonstrated that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," and that as a result there was prejudice to the defendant. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). We are satisfied that counsel's advice fell "within the range of competence demanded of attorneys in criminal cases," and that no prejudice resulted from any of the alleged errors. Hudson does not deny responsibility for the attempted escape. Further, her claim that she was denied a speedy trial pursuant to 18 U.S.C. § 3161(b) would not have been likely to prevail at the trial court. In such cases, the government must follow the provisions of 28 U.S.C. § 3161(j) concerning those who are "serving a term of imprisonment." This section mandates "prompt" action by the government instead of applying a specific 30-day limitation between the date of indictment and commencement of trial. Furthermore, there is no provision in § 3161(j) which would allow dismissal of the indictment. United States v. Dawn, 900 F.2d 1132, 1135 (7th Cir.1990); United States v. Stoner, 799 F.2d 1253, 1257-58 (9th Cir.1986). Enforcement of subsection (j) violations is limited to action against the government's attorney in the form of fines, suspension, or reports to disciplinary committees. Dawn, 900 U.S. at 1135. Under the circumstances, the failure of Ms. Hudson's counsel to raise this argument cannot be considered evidence of incompetence.
 
 
 6
 As to the government's motion to strike, absent exceptional circumstances, this court will not consider evidence presented for the first time on appeal. See Brandl v. Commissioner of Internal Revenue, 513 F.2d 697, 700 (6th Cir.1975). We conclude that Hudson has not demonstrated any exceptional circumstances.
 
 
 7
 As to Hudson's motion for transcript fees, three transcripts were received by the clerk's office; two of Hudson's rearraignment and one of her sentencing. Hudson has not indicated what transcripts she desires or that those received are insufficient to cover the issues on appeal.
 
 
 8
 Accordingly, the district court's order denying Hudson's motion to vacate is affirmed, her motion for appointment of counsel is denied, her motion for transcript fees is denied, and defendant's motion to strike is granted. Rule 9(b)(3), Rules of the Sixth Circuit.