992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl SUTTON, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3928.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Carl Sutton, Jr., a federal prisoner represented by counsel, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In July 1987, a jury found Sutton guilty of conspiracy and attempt to possess cocaine with intent to distribute. Sutton was sentenced to two 20 year terms of imprisonment, to be served consecutively. Sutton filed a direct appeal, raising numerous issues including his argument that the prosecution knowingly used perjured testimony. The court held that Sutton's claims were without merit and affirmed his conviction. See United States v. Ramos, 861 F.2d 461, 469 (6th Cir.1988), cert. denied, 489 U.S. 1071 and 490 U.S. 1011 (1989). Thereafter, Sutton filed a motion to correct his sentence pursuant to Fed.R.Crim.P. 35(a). The district court denied the motion, and this court affirmed. Next, Sutton filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that the prosecution knowingly used perjured testimony. A magistrate judge found that this claim had been raised and rejected in Sutton's direct appeal. Thus, he recommended that the motion be denied as successive. Over Sutton's objections, the district court adopted the magistrate judge's recommendation and denied the motion. Sutton appealed, and this court again affirmed.
 
 
 3
 In his current § 2255 motion to vacate, Sutton argues that he received ineffective assistance of counsel because his attorney did not take action to prevent the prosecution from introducing perjured testimony. Sutton contends if counsel had rendered effective assistance, he would have prevented the prosecutor from using perjured testimony.
 
 
 4
 Upon review, we affirm the district court's judgment because Sutton has not shown a defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). To the extent that the grounds presented in the instant motion to vacate were determined adversely to Sutton on the merits in his previous Section 2255 action, we find that the motion is successive, and that the ends of justice would not be served by reaching the merits of these grounds. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). To the extent that Sutton raises new grounds, we find that he has not sufficiently shown cause and prejudice to excuse his not raising these grounds in his first motion to vacate. Rule 9(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts thus acts in this instance as a bar to considering these grounds. See United States v. Flores, 981 F.2d 231, 234-35 (5th Cir.1993).
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.