**UNITED STATES of America**

v.

**Lacy Marshall DILLON.**

**Crim. Nos. 89–19, 89–100 and 89–101.**

United States District Court,
W.D. Pennsylvania.

Oct. 20, 1993.

Paul E. Hull, Asst. U.S. Atty.

Lacy Marshall Dillon, pro se.

## MEMORANDUM OPINION

COHILL, District Judge.

Before this Court is petitioner Lacy Marshall Dillon's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 22) (Motion to Correct). We deny Mr. Dillon's motion because he is asking for the same relief he previously requested. As an alternative, and independent ground for denial, we find that even if his motion sought new relief, he has failed to present a cognizable claim under section 2255.

### 1. *Petitioner's Second Motion for Similar Relief*

■ Under 28 U.S.C. § 2255, this Court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255 ¶ 5. *See also* Rule 9(b) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. following § 2255 advisory committee note. In this case, we are asked by Mr. Dillon to entertain a second motion for relief similar, *if not identical to*, the relief he previously sought.

On October 16, 1989, counsel for Mr. Dillon filed an "Objection to Sentencing Pursuant to [Federal Sentencing Guidelines] Section 2B1.2(b)(3)(A)" (1989 Objection) (Doc. 14). In his 1989 Objection, Mr. Dillon alleged, *inter alia*, that his sentence was improper under the Federal Sentencing Guidelines (Guidelines) for two reasons: (1) his base offense level should not have been increased four levels because he was not "in the business" of selling stolen property, *id.* ¶ 2; and (2) he should be entitled to a two-level reduction for acceptance of responsibility. *Id.* ¶ 6. At Mr. Dillon's sentencing before this Court on October 18, 1989, both of these objections were denied. *See* Statement of Reasons for Imposing Sentence (Doc. 18) at 3–4.

In Mr. Dillon's present motion, he alleges that his sentence was incorrect for the same reasons as before: he was not in the business of selling stolen property, Motion to Correct at 2; and he accepted responsibility for his conduct. *Id.* at 3.

■ Paragraph 5 of section 2255 is intended precisely to avoid the second bite at the apple that Mr. Dillon now seeks. Thus, we reject Mr. Dillon's most recent motion because it requests the same relief as his earlier motion, and entertaining it would be contrary to the purpose of paragraph 5 of section 2255. Granting perpetual hearings on repetitive claims is not proper use of judicial resources.

### 2. *Lack of a Section 2255 Claim*

■ Though the reiterative nature of Mr. Dillon's claim is reason enough for denial, we point out a second rationale in order to clarify the application of 28 U.S.C. § 2255. The threshold requirement to petition under section 2255 is set forth in paragraph 1 of that section. Paragraph 1 permits a prisoner to attack his sentence on any of three grounds:

(1) the "sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," and (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 para. 1.

Mr. Dillon's attack on our interpretation of the Guidelines does not implicate the Constitution, this Court's jurisdiction, or the maximum sentence authorized by law. Mr. Dillon has a chance to prevail only if his sentence violated the "laws of the United States," or is "otherwise subject to collateral attack."

■ While the U.S. Supreme Court has yet to decide whether the Guidelines are "laws" or whether misinterpretation of these rules would render a sentence "otherwise subject to collateral attack," it has twice held that only the most exceptional case could justify the use of section 2255 to correct an alleged sentencing error. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *see also United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). Though the Court of Appeals for the Third Circuit has not addressed this issue, the Court of Appeals for the Seventh Circuit recently held that an alleged Guidelines sentencing error is not remediable under section 2255 unless the sentencing court committed a "complete miscarriage of justice." *Scott v. United States,* 997 F.2d 340, 342 (7th Cir.1993); *accord United States v. Flores,* 981 F.2d 231, 236 (5th Cir.1993) (defendant had no section 2255 claim where he alleged his sentence was improperly calculated because this "does not fit within the narrow category of section 2255 proceedings which implicate a fundamental miscarriage of justice").

■ Accordingly, only "extraordinary circumstances," coupled with a defendant's failure to take a direct appeal for "cause," can justify an inquiry into the merits of a section 2255 petition. *Scott,* 997 F.2d at 343. In *Scott,* the sentencing judge conceded that increasing the defendant's sentence was improper, but refused to correct it. *Id.* at 340. Like Mr. Dillon's sentence, this judgment was final, and the defendant in that case, like Mr. Dillon, chose not to appeal it. *Id.* The

*Scott* court held that the judge should not have even considered the defendant's section 2255 petition, even though the sentence was erroneously high, because such a mistake does not rise to the level of a "miscarriage of justice." *Id.* at 342–43.

We have serious doubts about the merits of Mr. Dillon's allegations. But even if true, they allege errors that fall far short of the error held *not* actionable in *Scott.* First, the meaning of the ambiguous phrase "in the business of" is subject to varied interpretation. While our interpretation differs from that of Mr. Dillon, Congress has not defined that phrase. Moreover, our conclusion that Mr. Dillon was in the business of receiving and selling stolen items is consistent with the evidence. *See* Statement of Reasons for Imposing Sentence at 4. Second, Mr. Dillon's alleged acceptance of responsibility is not the "clear[] demonstrat[ion]" of acceptance required for the two-level reduction under the Guidelines § 3E1.1(a). *See* Statement of Reasons for Imposing Sentence at 3–4.

Because Mr. Dillon's petition seeks the same or similar relief that he was previously denied, and because his allegations, even if true, do not present a cognizable claim under 28 U.S.C. § 2255, his petition to correct his sentence will be denied.