28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Halton WEST, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-1140, 94-1141.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: KEITH, NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 In Case No. 94-1140, Halton West, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. In Case No. 94-1141, he appeals a district court order denying his motion for reconsideration. The consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 West pleaded guilty in 1989 to two counts related to cocaine trafficking; in return, the government agreed to dismiss a third drug count and a separate indictment for failure to appear at his arraignment on the drug charges. West was sentenced on June 5, 1989, to two concurrent prison terms of 360 months under the career offender provisions of U.S.S.G. Sec. 4B1.1. He did not file a direct appeal. In October 1990, the district court reduced West's sentence to two concurrent terms of 180 months, pursuant to the government's motion under Fed.R.Crim.P. 35(b). West's first motion to vacate sentence under Sec. 2255, which argued that the district court erred in not resentencing him to 120 months as requested by the government, was dismissed on the merits in an opinion and order filed on September 25, 1992. This court affirmed the district court in an unpublished order. West v. United States, No. 92-2337 (6th Cir. April 9, 1993).
 
 
 3
 In his present motion to vacate, West argued that his federal conviction was unconstitutionally enhanced because his two predicate Michigan convictions were obtained by invalid guilty pleas which were the result of ineffective assistance of counsel. West further argued that the attorney who represented him in his federal proceedings also rendered ineffective assistance for failing to challenge the validity of the Michigan convictions at sentencing. In an opinion and judgment filed on January 7, 1994, the district court dismissed West's motion as an abuse of the writ, because West had failed to show why he did not assert these claims at an earlier opportunity. West's timely motion for reconsideration was denied in an opinion and order filed on January 21, 1994.
 
 
 4
 On appeal, West continues to argue the merits of his grounds for relief. In addition, he argues that the district court erred in dismissing his motion due to procedural default. In a supplemental brief, West contends for the first time that his predicate state convictions are not "controlled substance offenses" within the meaning of U.S.S.G. Sec. 4B1.2(2). West has filed a motion for oral argument and the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment and order because West has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 A motion to vacate may be dismissed as an abuse of the writ pursuant to Rule 9(b), Rules Governing Section 2255 Proceedings, if the movant had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. See McCleskey v. Zant, 499 U.S. 467, 489 (1991). Although dealing specifically with a petition under 28 U.S.C. Sec. 2254, the McClesky standard applies as well to Sec. 2255 motions filed by federal inmates. See, e.g., Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993); United States v. Flores, 981 F.2d 231, 234-35 (5th Cir.1993). This procedural bar applies even to constitutional issues. Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992). Even so, a court may still review a claim if the movant can show cause to excuse his failure to raise the claim and resulting prejudice to his case. McCleskey, 499 U.S. at 493-94. The government bears the initial burden of pleading an abuse of the writ by stating with particularity the movant's prior writ history, identifying the claims that appeared for the first time in this motion, and alleging that the movant has abused the writ. Id. at 494.
 
 
 7
 The government has met its burden in this case. The facts upon which West's claims are based were known to him at sentencing. However, he did not raise the issue at sentencing, in a direct appeal, or in his first motion to vacate sentence. Consequently, he has waived his right to appeal this issue unless he demonstrates cause and prejudice to excuse his failure to raise it at any of these earlier opportunities. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). In an effort to establish cause, West argues that the attorney at his federal proceedings was ineffective for failing to challenge his predicate state convictions. See McCleskey, 499 U.S. at 494; Murray v. Carrier, 477 U.S. 478, 488 (1986). Even if, arguendo, this court were to accept ineffective assistance of counsel as cause for West's failure to raise his issue at sentencing and on direct appeal, it cannot establish cause for his failure to raise this issue, and also his ineffective assistance of counsel claim itself, in his first motion to vacate. Because a civil litigant, including a habeas petitioner, has no constitutional right to counsel, McCleskey, 499 U.S. at 495, it follows that he is not entitled to the effective assistance of counsel in a civil case. Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991); Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991). Thus, West has not demonstrated cause as required to have his claims considered on their merits.
 
 
 8
 If a movant cannot demonstrate cause and prejudice for his default, his claims may still be considered on the merits if failure to consider the claims results in a fundamental miscarriage of justice which, in this context, means only that the movant is actually innocent of the offense. See Murray, 477 U.S. at 495-96. West does not claim that he is actually innocent of the offense to which he pleaded guilty; he claims only that he should have received a lesser sentence. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir.1993); Flores, 981 F.2d at 236.
 
 
 9
 Not only did West fail to raise his Sec. 4B1.2(2) issue at an earlier opportunity, but he did not first raise it in his present motion to vacate before the district court. Unless exceptional circumstances are present, this court normally will not address an issue raised for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). There are no exceptional circumstances in this case which require remand to the district court in light of West's procedural default. Nonetheless, we note that, based upon the record before this court, West's argument is facially valid as to his 1985 conviction. We take no position at this time as to whether a future Sec. 2255 motion properly raising this issue in the district court in the first instance would present exceptional circumstances precluding dismissal as abuse of the writ.
 
 
 10
 Finally, the district court did not abuse its discretion in denying West's motion for reconsideration. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). Apparently conceding that his Sec. 2255 motion is, indeed, subject to dismissal under Rule 9(b), West sought to avoid that result by asking the district court to construe the motion as a collateral attack on the state convictions themselves under Sec. 2254. However, as the district court properly concluded, West is no longer in state custody as a result of those convictions; therefore, Sec. 2254 is inapplicable. See Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990).
 
 
 11
 Accordingly, the motion for oral argument and the appointment of counsel is denied. The district court's judgment dismissing the motion to vacate and its order denying the motion for reconsideration are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.