89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane SMITH, also known as Jameel Hakeem, also known as
Duane Thomas, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3980.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1996.
 
 Before: KEITH, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Duane Smith, a federal prisoner proceeding pro se, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Smith of being a felon in possession of a firearm, possessing with intent to distribute cocaine, and carrying a firearm during and in relation to a drug trafficking crime. He was sentenced in December 1980 to a total of 117 months in prison and three years of supervised release. A panel of this court affirmed Smith's conviction in an unpublished opinion. United States v. Smith, No. 91-3100, 1991 WL 241964 (6th Cir. Nov. 19, 1991) (per curiam), cert. denied, 503 U.S. 923 (1992). Smith next filed a pro se motion to vacate which was granted on grounds other than those raised by Smith. After a new hearing, the district court resentenced Smith in February 1995 to the same 117-month prison term. Smith again appealed the district court's judgment but, in November 1995, voluntarily dismissed the appeal pursuant to Fed.R.App.P. 42.
 
 
 3
 In his present motion to vacate, Smith presented two grounds for relief: (1) counsel rendered ineffective assistance by failing to investigate the search of his vehicle and failing to file a motion to suppress evidence seized as a result of that search, and (2) the search of his vehicle was unconstitutional. The government moved the court to dismiss Smith's motion for lack of jurisdiction on the ground that the direct appeal of his resentencing was then pending before the Sixth Circuit. In an opinion and order entered on August 23, 1995, the district court dismissed Smith's motion to vacate as an abuse of the writ.
 
 
 4
 On appeal, Smith argues that the jurisdictional issue raised by the government has been mooted by the voluntary dismissal of his direct appeal, and that the district court erred in sua sponte dismissing his present motion to vacate as an abuse of the writ. He has filed a motion to amend his brief by requesting oral argument and also moves for the appointment of counsel on appeal.
 
 
 5
 Upon review, we affirm the district court's order for the reason stated therein. To warrant relief under § 2255, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 6
 As an initial matter, the district court did not err in declining to dismiss Smith's motion to vacate on jurisdictional grounds. It is true that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." United States v. Robinson, 8 F.3d 398, 405 (7th Cir.1993) (collecting cases). This rule holds true even for claims of ineffective assistance of counsel, which may normally not be brought on direct appeal. Id. However, the limitation on filing a motion to vacate while direct criminal proceedings are still pending in another forum is not jurisdictional. English v. United States, 42 F.3d 473, 486 (9th Cir.1994) (Browning, J., concurring); United States v. Taylor, 648 F.2d 565, 572 (9th Cir.) (collecting cases), cert. denied, 454 U.S. 866 (1981). Thus, a district court has discretion to consider the § 2255 motion in extraordinary circumstances. Robinson, 8 F.3d at 405.
 
 
 7
 The district court did not err in dismissing Smith's present motion to vacate for abuse of the writ. A motion may be dismissed as an abuse of the writ if the movant had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise them at the prior opportunity. See McCleskey v. Zant, 499 U.S. 467, 493-96 (1991). Even so, a court may still review a claim if the movant can show cause to excuse his failure to raise the claim and resulting prejudice to his case. Id. at 489-97. The district court did not err in finding that the "cause" offered by Smith was insufficient to excuse his failure to bring these issues in his first motion to vacate.
 
 
 8
 Smith argues on appeal that the district court erred in sua sponte dismissing his motion as an abuse of the writ because the government is required to raise the issue. The Supreme Court has held that in order for a motion to be denied as an abuse of the writ, the government must first meet the burden of pleading abuse of the writ. See McCleskey, 499 U.S. at 494. "The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's." Id. However, the circuit courts have interpreted this requirement to permit the district court to raise the issue of abuse of the writ sua sponte so long as it provides the movant with an opportunity to respond to the charge. See Williams v. Whitley, 994 F.2d 226, 231-32 (5th Cir.), cert. denied, 114 S.Ct. 608 (1993); United States v. Flores, 981 F.2d 231, 236 n. 9 (5th Cir.1993); Gayle v. Mann, 966 F.2d 81, 85 (2d Cir.1992).
 
 
 9
 In this case, Smith anticipated the charge of abuse of the writ by including with the memorandum supporting his motion to vacate an "Affidavit Showing Cause for Successive Petitions." In addition, his opposition to the government's motion to dismiss concedes that his petition is successive and, again, attempts to show cause. These documents are sufficient prior response to the charge so that the district court could sua sponte dismiss the petition on that ground without offending Smith's rights.
 
 
 10
 Accordingly, the motions for oral argument and the appointment of counsel are denied. The district court's order, entered on August 23, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.