107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary K. HUDSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5588.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1997.
 
 1
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Mary K. Hudson, proceeding pro se, appeals a district court judgment denying her motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In February 1990, Hudson pleaded guilty to attempted escape in violation of 18 U.S.C. § 751(a), and the district court sentenced her to 33 months of imprisonment to be served consecutively to any sentence that she was then serving. The district court later reduced the sentence to 27 months of imprisonment. Hudson did not appeal her conviction or sentence. Thereafter, Hudson filed her first motion to vacate her sentence, arguing that: 1) the government violated her right to a speedy trial; 2) the government violated her Sixth Amendment right to counsel; and 3) counsel rendered ineffective assistance. The district court denied the motion as without merit. A panel of this court affirmed the district court's judgment. Hudson v. United States, No. 92-6140, 1993 WL 120509 (6th Cir. April 19, 1993).
 
 
 4
 In her current motion to vacate, Hudson argues that: 1) the district court subjected her to "double counting" because the court did not consider the Parole Commission's revocation of her parole for Hudson's conviction for bank fraud, or the Bureau of Prison's revocation of her good time credits; and 2) counsel rendered ineffective assistance. In response, the government argued that Hudson's motion was successive, or in the alternative, that it lacked merit. Upon review, a magistrate judge filed a report, recommending that the district court grant Hudson's motion and order that her 27 month sentence run concurrent to her other sentences. Upon review, the district court judge rejected the magistrate's recommendation and denied Hudson's motion.
 
 
 5
 Hudson has filed a timely appeal, essentially reasserting her same arguments. However, she also argues that her plea agreement is invalid.
 
 
 6
 In her appellate brief, Hudson raises a claim that was not presented for resolution to the district court. Hudson argues that her plea agreement is invalid. Unless exceptional circumstances are present, we normally will not address an issue not raised in the district court. See United States v. Sheffey, 57 F.3d 1419, 1431 (6th Cir.1995), cert. denied, 116 S.Ct. 749 (1996). Because Hudson raises this claim for the first time on appeal, we will not review it.
 
 
 7
 Upon review, we conclude that the district court properly denied Hudson's motion for the reasons stated in its April 18, 1996, memorandum opinion. Hudson is barred from seeking relief on her claims for several reasons. First, Hudson's consecutive sentencing claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Hudson must demonstrate cause and prejudice to excuse her failure to raise her claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity also constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 8
 Second, Hudson did not raise these claims in her first § 2255 motion to vacate sentence, nor did she show cause and prejudice to excuse her failure to raise the claim in her original motion. See United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); Andiarena v. United States, 967 F.2d 715, 717-18 n. 4 (1st Cir.1992) (per curiam); cf. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991) (court addressed abuse of the writ for petition under 28 U.S.C. § 2254). Furthermore, she did not submit new and reliable evidence showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See McCleskey, 499 U.S. at 494.
 
 
 9
 Third, Hudson may not appeal her sentence because it falls within the applicable guideline range, and because she has not specified a particular legal error with the formulation of her sentence. See 18 U.S.C. § 3742(a); United States v. Lively, 20 F.3d 193, 196-97 (6th Cir.1994); United States v. Lavoie, 19 F.3d 1102, 1103 (6th Cir.1994).
 
 
 10
 Finally, the district court decided not to depart upward based on Hudson's extensive criminal history because Hudson would already be serving a substantial sentence. This decision indicates that the district court considered the Parole Commission's revocation of Hudson's parole and the Bureau of Prison's revocation of Hudson's good time credit.
 
 
 11
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation