Charles Voyed HARRELSON, Movant,

v.

UNITED STATES of America, Respondent.

Civil No. SA–97–CA–518.

United States District Court,
W.D. Texas,
San Antonio Division.

May 7, 1997.

Serra, Lichter, Daar, Bustamante, Michael & Wilson by David M. Michael, San Francisco, CA (Alan M. Dershowitz, Cambridge, MA, of counsel), for Charles Harrelson.

William Blagg, U.S. Atty. for the Western Dist. of Texas, San Antonio, TX, for U.S.

### ORDER

BIERY, District Judge.

The matters before the Court are (1) movant's motion to temporarily file under seal a motion to vacate sentence pursuant to Title 28 U.S.C. Section 2255, (2) movant' motion for leave to file brief in excess of ten pages, both filed April 23, 1997, (3) respondent's motion for extension of time to respond to movant's motion to seal, filed May 2, 1997, (4) the motion by attorney Allan Brown requesting an in camera hearing on the movant's

motion to seal, filed May 2, 1997, and (5) the status of this cause.

*Movant's Motion to File Excessive Brief*

Movant submitted a fifty-page brief and numerous pages of attachments thereto along with his Section 2255 motion to vacate, set aside, or correct his sentence. Having reviewed all of these documents, the Court believes that movant should be permitted to submit this entire collection of documents and materials in support of his request for relief under Section 2255.

*The Government's Motion for Extension of Time*

In its motion for extension of time, the Government asks that this Court grant it additional time within which to respond to movant's motion to seal. However, the Government neither furnishes any explanation for its failure to timely respond to movant's motion to seal nor suggests any arguments it might wish to make with regard to said motion. In view of the Court's denial of movant's motion to seal, the Court will dismiss as moot the Government's motion.

*Attorney Brown's Motion for In Camera Hearing*

Attorney Brown requests that this Court hold an in camera hearing to address the merits of movant's motion to seal. However, as explained below in connection with movant's motion to seal itself, attorney Brown cites no authority which authorizes this Court to conduct such an in camera hearing. The mere possibility that some aspects of the movant's pleadings in this federal criminal proceeding might be of interest to some members of the public does not authorize this Court to seal otherwise public records at the request of a non-party who provides no justification for such an extraordinary request. In view of the Court's denial of movant's motion to seal, the Court will dismiss as moot attorney Brown's motion.

*Movant's Motion to Seal*

Movant requests that this Court permit movant to "temporarily" file under seal movant's motion to vacate. While the Court appreciates the seriousness of the allegations, movant cites no statute, rule, or procedure, case law, or other legal authority which permits this Court to seal movant's motion to vacate at this juncture, almost twelve years after petitioner's criminal conviction became final. Movant was convicted of conspiracy to murder a federal judge in 1983. The Fifth Circuit affirmed movant's conviction in February, 1985 and the Supreme Court denied movant's certiorari petition in December, 1985.[1]

Movant argues that his brief in support of his motion to vacate contains "serious allegations of criminality on the part of uncharged individuals and personal information about persons who were potential government witnesses." This Court has reviewed movant's motion to seal, movant's motion to vacate, and movant's brief in support thereof, in the latter of which movant purports to identify the "real" persons responsible for the death of the late Judge Wood. However, there is nothing unique about movant's pleadings in this cause. Movant is not the first person convicted of a federal criminal offense, nor likely will he be the last, to file a post-Judgment, Section 2255 motion in which he purports to identify persons other than himself as the party or parties "really" responsible for the crime for which he was convicted.

This is not a case in which the Government has requested that this Court seal an indictment or other document to protect on-going investigations by law enforcement authorities or in which any compelling interest has been set forth to justify the extraordinary procedure requested by movant. Having reviewed movant's Section 2255 motion, the Court finds nothing extraordinary or unusual about movant's claims attacking his conviction. While movant has waited more than a decade and now shortly after the death of a key government witness before filing his Section 2255 motion, movant presents the same type of claims typical of Section 2255 motions filed by federal prisoners.

For the foregoing reasons, and in the absence of citation to any authority authorizing the highly unusual sealing procedure re-

---

1. *See United States v. Harrelson*, 754 F.2d 1153 (5th Cir.1985), *rehearing denied*, 766 F.2d 186 (5th Cir.1985), *cert. denied*, 474 U.S. 1034, 106 S.Ct. 599, 88 L.Ed.2d 578 (1985).

quested by movant, the Court will deny movant's motion to seal and direct the Clerk to file movant's motion to vacate his sentence in accordance with the same procedures used for all other Section 2255 motions filed in this Court.

*The Status of this Cause*

The Clerk apparently has held under seal all of the pleadings and motions submitted to date for filing in this cause pending a ruling on movant's motion to seal. In view of this Court's denial of that motion, the Court will direct the Clerk to file as a matter of public record all pleadings and motions that have been submitted for filing in this cause.

The matter before the Court is movant's motion to vacate, set aside, or correct his sentence, filed April 23, 1997. Having reviewed that pleading in accordance with Rule 4, Rules Governing Section 2255 Proceedings in the United States District Courts, the Court believes that the Government should be served with a copy of movant's motion and required to file a response thereto.

*Movant's Claims*

Movant Charles Voyed Harrelson files this motion to vacate his sentence for his participation in the conspiracy to murder the Late federal Judge John H. Wood, Jr. As grounds for relief, movant argues, among other things, that (1) the Government failed to disclose to defense counsel certain exculpatory information relating to both the identities of other suspects who were investigated by the law enforcement agencies and the testimony of the Government's firearms expert at trial, (2) movant's trial counsel rendered ineffective assistance by (a) failing to withdraw or to advise or disclose to movant that said counsel was operating under a variety of conflicts of interest, (b) failing to adequately investigate the case against movant, including failing to adequately investigate potential alibi evidence, evidence relating to the firearms testimony given by the FBI expert at trial, and evidence relating to the identities of other suspects who were investigated by authorities, (c) failing to object to the admission at trial of, or to request limiting jury instructions concerning, evidence that movant had previously been convicted of murder and had engaged in a sexual relationship with his step-daughter, (d) failing to object to the admission of hypnotically-induced testimony from four Government witnesses, (e) failing to obtain adequate resources to properly investigate the case, and (f) failing to obtain adequate time, via a continuance, to properly investigate the case against movant and to adequately review all of the Government's evidence, and (3) movant's appellate counsel also rendered ineffective assistance by (a) failing to disclose to movant that said counsel was working under a variety of conflicts of interest, (b) failing to raise several potentially meritorious issues on direct appeal, including complaints regarding the admission of various pieces of trial testimony, and (c) failing to adequately present movant's contention that movant's conversations with attorney Joe Chagra were protected by the attorney-client privilege.

Accordingly, it is hereby **ORDERED** that:

1. Movant's motion for leave to file brief in excess of page limit, filed April 23, 1997, is **GRANTED.** The Clerk shall file among the pleadings, motions, and other public records in this cause both the movant's motion to vacate his sentence and his brief in support thereof, received April 23, 1997, along with all other motions received on or after that date.

2. Movant's motion to temporarily file under seal his motion to vacate sentence, filed April 23, 1997, is **DENIED.**

3. The Government's motion for extension of time within which to respond to movant's motion to seal, filed May 2, 1997, is **DISMISSED** AS MOOT.

4. Attorney Brown's motion for an in camera hearing, filed May 2, 1997, is **DISMISSED** AS MOOT.

5. The Clerk shall forthwith deliver or serve a copy of movant's motion to vacate, set aside, or correct his sentence, together with a notice of its filing, upon the United States Attorney for the Western District of Texas. See Rule 3(b), Rules Governing Section 2255 Proceedings in the United States District Courts.

6. The U.S. Attorney on behalf of the respondent shall file an answer or other'

response to movant's motion to vacate, set aside, or correct his sentence, in full compliance with Rule 5, Rules Governing Section 2255 Proceedings in the United States District Courts, within sixty (60) days from the date of this Order. Once said response or answer has been filed, the Court will determine and direct any further proceedings in this matter.

7. Respondent shall serve movant's counsel with a copy of respondent's answer or other responsive pleading.

8. In the event that movant wishes to file a reply to the respondent's answer or other responsive pleading, movant shall file and serve respondent's counsel of record with a copy of movant's reply within twenty (20) days after respondent serves movant's counsel with a copy of respondent's answer or other responsive pleading.

9. In the event that the respondent wishes to assert the defense of procedural bar to any or all of movant's grounds for relief in his motion to vacate, set aside, or correct his sentence, respondent shall clearly and expressly assert said defense. Any assertion of such defense shall conform to the pleading requirements set forth by the Fifth Circuit in *United States v. Drobny*.[2]

10. In the event that the respondent wishes to assert the defense of abuse of the Section 2255 process, the respondent shall clearly and specifically assert that defense in its response to movant's motion to vacate, set aside, or correct his sentence. However, a failure on the part of the respondent to assert such defense shall not prevent the Court from raising an issue regarding abuse of the Section 2255 process *sua sponte*.[3]

11. In the event that the respondent wishes to assert the defense that this is a second or successive petition filed by the movant attacking the same criminal proceeding and that the movant has failed to comply with the requirements of Title 28 U.S.C. Sections 2255 and 2244(a), the respondent shall explicitly assert that defense.

12. In the event that respondent wishes to assert the defense that the movant has failed to file this Section 2255 motion within the one-year statute of limitations set forth in Title 28 U.S.C. Section 2255, respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period began to run and all time periods during which that limitations period was tolled.

---

**2.** 955 F.2d 990, 994–95 (5th Cir.1992).

**3.** *See United States v. Flores*, 981 F.2d 231, 236 n. 9 (5th Cir.1993).