IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10205
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

THOMAS RAY DEAS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:94-CV-192-C/5:90-CR-13-2
- - - - - - - - - -
June 27, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Thomas Deas argues that the district court erred in raising <u>sua</u> <u>sponte</u> Rule 9(b) and in dismissing his 28 U.S.C. § 2255 motion for abuse of the procedure.  Abuse of the procedure may be raised <u>sua</u> <u>sponte</u> by the district court.  <u>United States v. Flores</u>, 981 F.2d 231, 236 n.9 (5th Cir. 1993).

    A district court's dismissal under Rule 9(b) is reviewed for abuse of discretion.  <u>Id.</u> at 234.  A court may not reach the merits of motions raising new claims unless the movant

---

      [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

establishes cause for not raising the point in a prior motion and prejudice if the court fails to consider the new point. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). To demonstrate "cause," Deas must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in the initial motion. Id. at 493, quoting Murray v. Carrier, 477 U.S. 487, 488 (1986). A movant's pro se status does not necessarily constitute "cause," and if the factual and legal basis for an argument was reasonably available to the movant when he filed an earlier motion, his delay in raising the issue will not be excused. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992). Deas has not demonstrated cause, as defined in McCleskey, and therefore we need not consider whether there is prejudice. See id.

Even if a movant cannot meet the cause-and-prejudice standard, a federal court may hear the merits of a successive motion if the movant establishes that a constitutional violation probably caused him or her to be convicted of a crime of which he or she is innocent. Flores, 981 F.2d at 236. Deas has failed to allege a colorable claim of factual innocence. The district court acted properly in dismissing his § 2255 motion as abusive.

The district court's decision is AFFIRMED.