# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

No. 11-50746
Summary Calendar

Lyle W. Cayce
Clerk

GEORGE JONES,

Plaintiff-Appellant

v.

SERGEANT RUIZ; SHANE BENNETT; VIVIANA MARTINEZ; WILLIAM HUGHS; ANGELICA DUMARAN; ROBERT D. PITTMON,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-788

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

George Jones, Texas prisoner # 1436799, appeals the denial of his motion for new trial following a jury verdict in favor of the defendants in a 42 U.S.C. § 1983 action alleging claims of excessive use of force and deliberate indifference to safety. In his motion for new trial, Jones contended that he was denied a fair trial because prison officials deliberately deprived him of his legal materials in the months leading up to trial and because he was not appointed counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50746

A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so "to prevent an injustice." *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993) (quoting *Delta Eng'g Corp. v. Scott*, 322 F.2d 11, 15-16 (5th Cir. 1963). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). The district court's decision to grant or deny a Rule 59(a) motion will be reversed only for an abuse of discretion. *Flores*, 981 F.2d at 237; *Treadaway v. Societe Anonyme Louis-Dreyfus*, 894 F.2d 161, 164 (5th Cir. 1990).

With regard to the deprivation of legal materials, Jones does not specifically explain how his lack of access to the materials prejudiced his presentation of his case. His conclusional allegations are insufficient to warrant relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Nor does Jones dispute the district court's finding that he had access to, and made use of, a substantial amount of legal material during trial and that he referred to the materials throughout the trial and used them to assist in cross-examining witnesses.

A court is not required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 absent exceptional circumstances. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Courts consider several factors in this determination, *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), and we will overturn a decision denying appointment of counsel only if there is a clear abuse of discretion, *Cupit*, 835 F.2d at 86.

Jones has demonstrated an ability to adequately investigate his case and present coherent factual and legal arguments; he cross-examined numerous witnesses at trial; the facts surrounding the single incident in question are relatively straightforward; and the legal contours of excessive force and

2

deliberate indifference claims are well-established and not particularly complex. *See Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

Given the foregoing, Jones has not shown that the district court erred in finding that Jones had not met his burden of demonstrating harmful error regarding the deprivation of his legal materials and lack of appointed counsel or that the district court abused its discretion in denying his motion for new trial on that basis. *See Sibley*, 184 F.3d at 487; *Flores*, 981 F.2d at 237. The judgment of the district court is AFFIRMED.