999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred T. CARTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6454.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 2
 Fred T. Carter, a pro se federal prisoner, appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, Carter was charged in two separate indictments with six counts of conspiring to possess with intent to distribute cocaine, aiding and abetting the distribution of cocaine, and using a firearm in relation to a drug trafficking offense. On May 21, 1990, Carter entered into a Fed.R.Crim.P. 11(e)(1)(B) plea agreement in which he agreed to plead guilty to the five conspiracy and distribution counts charged in both cases. In return, the government agreed to recommend the dismissal of the firearm count brought under 18 U.S.C. § 924(c). The government also agreed to stipulate to a lesser amount of cocaine than charged, and to recommend a two-level reduction for acceptance of responsibility and sentencing at the lowest end of the appropriate guideline range. The district court accepted the plea agreement and, on September 9, 1991, sentenced Carter to five concurrent prison terms of 97 months, four years supervised release, and $1,700 restitution. This sentence was based upon a total offense level of 28 and a criminal history category of II. The total offense level incorporated a two-level decrease for acceptance of responsibility and a two-level enhancement for possessing a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1). Carter did not appeal the judgment.
 
 
 4
 In his motion to vacate, Carter argued that the district court illegally applied a two-level enhancement to his offense level for possessing a firearm during a drug offense because that charge had been dismissed pursuant to the plea agreement. The district court denied the motion, finding that this court has expressly permitted trial courts to consider conduct charged in a dismissed count when calculating a defendant's base offense level, provided the conduct bears some relation to the offense of conviction. During the pendency of this motion, the district court granted a government motion for reduction of sentence, pursuant to Fed.R.Crim.P. 35(b), and amended Carter's judgment and commitment order to reflect a total sentence of 87 months.
 
 
 5
 On appeal, Carter argues that: (1) the district court improperly enhanced his sentence based on a dismissed charge; (2) there was a violation of Fed.R.Crim.P. 11 or 32; (3) if his case is remanded for sentencing, he should receive 10 months off of his original sentence because of the Fed.R.Crim.P. 35(b) reduction; and (4) the district court did not unqualifiedly accept the plea agreement.
 
 
 6
 Upon careful review, we affirm the district court's order because Carter has not shown a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Carter objected to the two-level enhancement at sentencing, but did not raise this or any other issue on direct appeal. The Supreme Court has set a stricter standard of review for alleged errors raised only in a motion to vacate; an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. See United States v. Frady, 456 U.S. 152, 165 (1982). In order to even have the issue considered on the merits, the movant must show cause for his failure to bring the direct appeal and actual prejudice. Id. at 167-68. The actual prejudice must result from a constitutional violation. See Wainwright v. Sykes, 433 U.S. 72, 84 (1977). In addition, this court has ruled that the failure to raise an issue at an earlier opportunity constitutes a waiver. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 8
 Carter does not attempt to show cause for failing to raise any of his issues in a direct appeal. Moreover, Carter cannot show actual prejudice for the reasons stated below.
 
 
 9
 The district court did not improperly enhance Carter's sentence. A panel of this court, in considering a case factually similar to Carter's, upheld a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) even though a firearm charge under § 924(c)(1) had been dismissed pursuant to a plea agreement. See United States v. Blankenship, 954 F.2d 1224, 1227 (6th Cir.), cert. denied, 113 S.Ct. 288 (1992). See also United States v. Miller, 910 F.2d 1321, 1327 (6th Cir.1990) (conduct charged in a count that was dismissed in accordance with a plea agreement should be considered in establishing the base offense level if such conduct is related to the offense of conviction), cert. denied, 498 U.S. 1094 (1991). Carter does not deny that a loaded semiautomatic handgun was found on the front floor of his automobile following his arrest. The cases relied upon by Carter are distinguishable because they involved upward departures from the guideline range, rather than an enhancement provided for under the guidelines which results in a sentence within the applicable guideline range.
 
 
 10
 Nor was there a violation of either Rule 11 or 32. Carter does not specifically state how he believes these rules were violated, but he appears to argue that the government, the district court, or both violated the plea agreement. Carter is unhappy that conduct from the dismissed firearm charge was considered in setting his offense level and that he was not originally sentenced at the lowest end of the guideline range.
 
 
 11
 The plea agreement was not violated. The government kept its promises to dismiss the § 924(c) count and to recommend an 87-month sentence. However, the plea agreement also specifically acknowledged that, pursuant to Fed.R.Crim.P. 11(e)(1)(B), the district court was "not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement." At sentencing, the district court rejected the recommendation of an 87-month sentence and, instead, imposed 97 months. The fact that the district court did not "unqualifiedly accept" the terms of the non-binding plea agreement does not entitle Carter to relief.
 
 
 12
 Because Carter is not entitled to have his case remanded for resentencing, his third issue, intended to save his Rule 35(b) sentence reduction in the event of a remand, is moot.
 
 
 13
 Accordingly, the district court's order, entered on October 16, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, U.S. District Judge for the Middle District of Tennessee, sitting by designation