107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred T. CARTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5461.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 1
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Fred T. Carter, a pro se federal prisoner, appeals a district court order denying his motion to vacate sentence, filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carter pleaded guilty in 1990 to five counts of conspiracy and distribution of cocaine. On September 9, 1991, the district court sentenced Carter to a total of 97 months in prison and four years of supervised release. His sentence was subsequently reduced to 87 months in response to a government motion filed under Fed.R.Crim.P. 35(b). Carter did not file a direct appeal, but has filed several post-conviction motions, including a prior § 2255 motion challenging, inter alia, the two-level enhancement to his sentence for possessing a firearm despite the dismissal of a separate firearm count under 18 U.S.C. § 924(c). A panel of this court affirmed the district court's denial of that motion in an unpublished order. See Carter v. United States, No. 92-6454, 1993 WL 243762 (6th Cir. July 6, 1993), cert. denied, 510 U.S. 1124 (1994).
 
 
 4
 On July 28, 1994, Carter filed a motion captioned a "Prayer for Liberal Construction" and "Ineffective Assistance of Counsel Violated Sixth Amendment Rights." In this pleading, Carter asserted that counsel rendered ineffective assistance by advising him to plead guilty on the allegedly incorrect assumption that the dismissed § 924(c) count would not be used at sentencing and counsel's failure to file a notice of appeal when requested to do so. In December 1994, Carter filed an additional "Motion Requesting Two Level Reduction Pursuant to [USSG ss] 3B1.2 and 5K1.1." Almost a year following his original motion, Carter filed yet another pleading captioned "Addendum to a Prior [s] 2255 Motion." This addendum claimed that his criminal conviction in addition to the civil forfeiture of his property violated the Double Jeopardy Clause.
 
 
 5
 In a memorandum and order entered on February 2, 1996, the district court denied Carter's pleadings under § 2255 as an abuse of the writ. The district court found that the circumstances surrounding Carter's four-year delay in bringing his ineffective assistance of counsel claim indicated no good cause for his procedural default. Moreover, the district court concluded that the claim was without merit so that there was no prejudice to Carter. The court also found that Carter's request for a two-level reduction constituted an abuse of the writ and that, in any event, Sentencing Guidelines issues are not cognizable in a § 2255 motion. There was no express disposition of the double jeopardy issue.
 
 
 6
 On appeal, Carter argues that he did not abuse the writ because he has never previously raised the ineffective assistance or double jeopardy issues and that both are constitutional violations. Carter has filed a motion to proceed in forma pauperis on appeal.
 
 
 7
 Upon review, we affirm the district court's order because Carter's pleadings in this case constitute an abuse of the writ. Moreover, the issues raised are without merit. The denial of a § 2255 motion is reviewed de novo. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). The record in this case does not meet this standard.
 
 
 8
 Carter does not raise his sentencing issue on appeal. Therefore, that issue is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 9
 The district court did not err in denying Carter's pleadings as an abuse of the writ. In his brief on appeal, Carter confuses the first clause of Rule 9(b), Rules Governing Section 2255 Proceedings (dealing with successive petitions) with the second clause of that section (dealing with abuse of the writ). A petition may be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned them or, by inexcusable neglect, failed to raise them at the prior opportunity. See Rule 9(b) [second clause], Rules Governing Section 2255 Proceedings; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); United States v. Flores, 981 F.2d 231, 234-35 (5th Cir.1993).
 
 
 10
 Carter clearly had previous opportunities to raise the issues he now attempts to bring; thus, his attempt to raise them now constitutes an abuse of the writ. Still, his motion can be reviewed if he can show cause and prejudice to excuse his failure to raise the issues at an earlier opportunity. See McCleskey, 499 U.S. at 493-94; Flores, 981 F.2d at 234. As cause, Carter argues counsel's alleged ineffectiveness in not filing a direct appeal. Even if this were true, which is doubtful in light of counsel's unrebutted affidavit stating that Carter did not desire to file an appeal, it would not excuse Carter's failure to raise the issues in his previous § 2255 motion. In his appellate brief, Carter also argues that the cause and prejudice showing is unnecessary where the newly-raised grounds for relief present constitutional issues. This argument is not persuasive; procedural default of even a constitutional issue will bar its review in a § 2255 motion unless the defendant can meet the cause and prejudice test. See Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992).
 
 
 11
 The district court's memorandum and order did not specifically address Carter's double jeopardy issue as raised in his "addendum." It is at least arguable that, because most of the cases relied upon by Carter had not been decided at the time of his direct appeal period or prior § 2255 motion, he has established cause for raising the issue at this time. Nonetheless, Carter's argument has been soundly rejected by the Supreme Court. In United States v. Ursery, 116 S.Ct. 2135 (1996), the Court expressly held that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Id. at 2149.
 
 
 12
 Absent a showing of cause and prejudice, this court may also review newly-presented claims in order to prevent a fundamental miscarriage of justice if the petitioner submits new and reliable evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. McCleskey, 499 U.S. at 494. However, Carter has submitted no such evidence.
 
 
 13
 Accordingly, Carter's motion to proceed in forma pauperis is granted for the purpose of this review only. The district court's order, entered on February 2, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation